```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
   ASHFORD LOCKE BUILDERS,                          :
                                                    :
                                   Plaintiff,       :
                                                    :
                - against -                         :
                                                    :         MEMORANDUM DECISION
   GM CONTRACTORS PLUS CORP.,                       :         & ORDER
                                                    :
                                   Defendant,       :         1:17-CV-3439 (AMD) (CLP)
                                                    :
-------------------------------------------------------------X
   GM CONTRACTORS PLUS CORP.,                       :
                                                    :
                                   Third-Party      :
                                   Plaintiff,       :
                                                    :
                - against –                         :
                                                    :
   LIBERTY MUTUAL INSURANCE                         :
   COMPANY, SECURED INSURANCE                       :
   AGENCY, INC., MARITZA L. ROMAN,                  :
                                                    :
                                   Defendants.      :
-------------------------------------------------------------X
```

**ANN M. DONNELLY,** United States District Judge:

The plaintiff commenced this action on June 8, 2017 against the defendant and third-party plaintiff GM Contractors Plus Corporation. (ECF No. 1.) On September 19, 2019, Chief Magistrate Judge Cheryl L. Pollak granted the plaintiff's motion to amend its complaint to include additional claims against Secured Insurance Agency Inc. and Maritza L. Roman (collectively "Secured"). (ECF No. 45.) Before the Court is Secured's objection to Judge Pollak's order. For the reasons that follow, I uphold Judge Pollak's thoughtful and well-reasoned decision.

## DISCUSSION

The background of this litigation is detailed in Judge Pollak's comprehensive order, and will not be repeated here. On September 19, 2019, after extensive briefing from the parties,

Judge Pollak granted the plaintiff's motion to amend its complaint to include claims of fraudulent and negligent misrepresentation against Secured. Fed. R. Civ. P. 15. Secured challenges this decision. Secured argues that Judge Pollak should have evaluated the plaintiff's claims under New York law, not New Jersey law. Secured also maintains that the plaintiffs have not alleged sufficient facts to establish their claims, and contests Judge Pollak's characterization of damages. Finally, Secured contends that permitting the plaintiff to assert new claims is unduly prejudicial.

## I. Legal Standard

Rule 72(a) of the Federal Rules of Civil Procedure, which governs a district judge's review of a magistrate judge's non-dispositive pretrial rulings, provides that "[t]he district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). An order is "clearly erroneous if, based on all the evidence, a reviewing court 'is left with the definite and firm conviction that a mistake has been committed,'" *Storms v. United States*, No. 13-CV-0811, 2014 WL 3547016, at *4 (E.D.N.Y. July 16, 2014) (quoting *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012)), and "is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure," *Weiner v. McKeefery*, No. 11-CV-2254, 2014 WL 2048381, at *3 (E.D.N.Y. May 19, 2014) (citation and quotation omitted). "This standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused [her] discretion." *Ahmed v. T.J. Maxx Corp.*, 103 F. Supp. 3d 343, 350 (E.D.N.Y. 2015) (quotations and citations omitted).

As a general matter, unless the magistrate judge's decision effectively dismisses or precludes a claim, thereby rendering the motion to amend dispositive, motions for leave to amend are subject to review under the "clearly erroneous or contrary to law" standard of Rule 72(a). *See Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) ("[a]s a matter of case management, a district judge may refer non-dispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent"); *Rienzi & Sons, Inc. v. Puglisi*, 638 F. App'x 87, 92 (2d Cir. Feb. 10, 2016) (summary order) (characterizing motion to amend pleading as "non-dispositive"); *see also Jean-Laurent v. Wilkerson*, 461 F. App'x 18, 25 (2d Cir. Feb. 8, 2012) (summary order). Because Judge Pollak granting the plaintiff's motion to amend is non-dispositive, her decision is subject to review under Rule 72(a)'s "clearly erroneous or contrary to law" standard.

**II.  Choice of Law**

Secured takes issue with Judge Pollak's conclusion that New Jersey had the greatest interest in resolving the issues in this case, and thus New Jersey law should apply. According to Secured, New York law should apply because the plaintiff's injury allegedly occurred in New York, and New York has the most significant relationship with the plaintiff's claims. (ECF No. 47 at 4-5.)

Judge Pollak did an in-depth choice of law analysis and determined that New Jersey law applies to the plaintiff's claims. Analogizing this case to *Globalnet Financial.com, Inc. v. Frank Crystal & Co.*, 449 F.3d 377 (2d Cir. 2006), in which the Second Circuit agreed that New York law applied to a negligence claim against a New York based insurance broker because New York had the greater interest in regulating the broker's conduct, Judge Pollak explained that the "alleged tortious conduct—namely, the Secured defendants' negligence or active

3

misrepresentation in not telling Ashford that GM failed to obtain the necessary New York workers' compensation insurance—took place in New Jersey." (ECF No. 45 at 24.) Moreover, the Certificates of Insurance were mailed from New Jersey and a broker communicated with the plaintiff from a New Jersey office. *Id.* Judge Pollak's conclusion that New Jersey has the greater interest in regulating its broker's conduct was neither clearly erroneous nor contrary to law.

### III. Sufficiency of the Plaintiff's Claims

Secured also challenges the factual basis for the plaintiff's claims, arguing that the plaintiffs have not stated a cause of action for negligent or fraudulent misrepresentation because "Secured did not make any misrepresentations to plaintiff nor did plaintiff plausibly allege justifiable reliance." (ECF No. 47 at 6.) Judge Pollak correctly assumed that all of the facts alleged were true and drew all reasonable inferences in the plaintiff's favor. (ECF No. 45 at 28 (citing *Konrad v. Epley*, 2013 WL 6200009, at *20 (E.D.N.Y. Nov. 25, 2014)).

With respect to the plaintiff's negligent misrepresentation claim, Judge Pollak found that (i) the plaintiff had plausibly alleged that Secured was negligent in failing to obtain New York workers' compensation coverage for GM, (ii) the plaintiff justifiably relied on the Certificate of Insurance, believing it covered New York workers' compensation, and (iii) it was reasonably foreseeable that the plaintiff would suffer injury. (*Id.*) These allegations are sufficient at the pleading stage. *Singer v. Beach Trading Co.*, 379 N.J. Super. 63, 73-74(App. Div. 2005) ("A cause of action for negligent misrepresentation may exist when a party negligently provides false information. A negligent misrepresentation constitutes an incorrect statement, negligently made and justifiably relied on, and may be the basis for recovery of damages for economic loss sustained as a consequence of that reliance.") (quotations and citations omitted); *Ashcroft v.*

4

*Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Judge Pollak also found that the plaintiff plausibly alleged fraudulent misrepresentation. The plaintiff alleged that it had a special relationship with Secured, that Secured intentionally provided misleading information regarding insurance coverage, and that the plaintiff reasonably relied on that information. (ECF No. 45 at 34.) These allegations are also sufficient at the pleading stage; the factual issues of reliance and scienter will be resolved at a later stage of the litigation. *Churchill Downs, Inc. NLR Entm't, LLC v. Carstanjen*, No. CV-14-3342, 2017 WL 899927, at *11 (D.N.J. Mar. 6, 2017) ("A claim for common law fraud in New Jersey has five elements: (1) a material misrepresentation of a present or past fact by the defendant; (2) the defendant's knowledge or belief of its falsity; (3) an intent that the plaintiff rely on the misrepresentation; (4) reasonable reliance by the plaintiff; and (5) resulting damages.") (citation omitted). In short, Judge Pollak was correct.

**IV. Damages**

Secured also objects to Judge Pollak's conclusion that "the plaintiff is entitled to damages that are in excess of the coverage the policy would have provided had coverage been procured" for its claims of negligent and fraudulent misrepresentation. (ECF No. 47 at 13.) As Judge Pollak pointed out, New Jersey law generally limits damages against insurance brokers in breach of contract cases to "damages resulting from the negligent procurement of insurance to the amount that would have been due under the policy had the insurance broker obtained it." (ECF No. 45 at 30 (citing *Cromartie v. Carteret Sav. & Loan*, 649 A.2d 76, 81 (N.J. Super. Ct. App. Div. 1994)).) This is not a breach of contract case; the plaintiff's claims are based on alleged

5

tortious conduct, and New Jersey law appears to allow for damages in excess of the policy coverage if the plaintiff establishes negligent or fraudulent misrepresentation. (*Id.* (citing *Kaufman v. i-Stat Corp.*, 754 A.2d 1188 at 1196 (N.J. 2000)).) The plaintiff allegedly suffered damages not because of a workers' compensation claim for which it would have relied on an insurance policy, but because of the assessment of "uninsured subcontractor premiums and assessment charges by the New York State Insurance Fund totaling the sum of $506,465.16." (ECF No. 38-2 at ¶ 9.) Once again, Judge Pollak was correct.

## V. Prejudice

Finally, Secured argues it was "clear error for Magistrate Judge Pollak to overlook the prejudice to Secured when granting plaintiff's motion to amend the complaint." (ECF No. 47 at 16.) In its brief to Judge Pollak, however, Secured made only a passing reference to prejudice, and did not "cite any of the cases…[it] now cites" or elaborate on why permitting the amendment was prejudicial. *Allen v. United Parcel Serv., Inc.*, 988 F. Supp. 2d 293, 299 (E.D.N.Y. 2013). "[D]istrict courts ordinarily will not consider new arguments, evidence, or case law that could have been but were not presented to the magistrate judge . . . ." *Chun Lan Guan v. Long Island Bus. Inst., Inc.*, No. 15-CV-2215, 2019 WL 3807455, at *2 (E.D.N.Y. Aug. 13, 2019) (internal quotations omitted); *see also NIKE, Inc. v. Wu*, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018) ("[C]ourts in this circuit generally do not entertain new legal arguments not presented to the magistrate judge.") (internal quotations omitted). In any event, Judge Pollak obviously knew that undue prejudice was a factor to consider, and noted that "motions to amend should generally be denied in instances of . . . undue prejudice to the non-moving party." (ECF No. 45 at 11 (citing *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 112, 126 (2d Cir. 2008)).) Allowing the plaintiffs to amend their complaint is not unduly prejudicial to Secured; the additional claims

"flow from the same set of facts" and Secured has "failed to demonstrate how [it] would be prejudiced by service of" the amended complaint.  *Kriwox v. EBS-RMSCO, Inc.*, No. 7:10-CV-1070, 2011 WL 2133624, at *3 (N.D.N.Y. May 26, 2011).

## CONCLUSION

As explained above, I reject Secured's objections to Judge Pollak's order granting the plaintiff's motion to amend.  The defendants are directed to answer or otherwise respond to the Second Amended Complaint within fourteen days.

**SO ORDERED.**

                                                           s/Ann M. Donnelly
                                                    ANN M. DONNELLY
                                                    United States District Judge

Dated:  Brooklyn, New York
          October 22, 2020